# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL JAMES WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE ELLIS et al.,<br><br>　　　　Defendants. | No. CV 21-07409-SB (DFM)<br><br>Order Accepting Report and Recommendation of United States Magistrate Judge |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

　　　The Court further notes that Plaintiff was given the option to amend his complaint and declined to do so.  While his complaint is not entirely clear, it appears that his central claim focuses on his allegation that his constitutional rights were violated when the Pomona Police Department turned him over to the Hemet Police Department for arrest and prosecution on a murder charge. Dkt. No. 11 (Plaintiff's Objections to Report and Recommendation, at pp. 5-6.)   Plaintiff acknowledges that he was a felon on parole at the time and concedes the legality of

the initial arrest by the Pomona Police Department on a suspected weapon charge. *Id*. Plaintiff instead contends that his constitutional rights were violated because the police officers "had no legal basis to deliver Plaintiff into the custody of the Hemet Police Defendants do [sic] to the lack of a warrant." *Id*. at p. 6. But there is no constitutional requirement that an officer obtain an arrest warrant when making a public arrest based on probable cause that the arrestee has committed a felony. *United States v. Watson*, 423 U.S. 411, 423 (1976). According to the booking record attached to the complaint, Plaintiff was arrested for murder, a felony. And Plaintiff appears to claim that he was arrested in a public place when he was delivered to the Hemet Police Department.

Thus, the only question potentially raised by his claim for unlawful arrest is whether the Hemet Police Department had probable cause to make the arrest. If there was probable cause to arrest, then the constitutional claims that depend on the unlawful-arrest allegation fail. Subsequent to his arrest, Plaintiff was convicted on the murder charge under a standard of proof beyond a reasonable doubt, and thus he is not able to sue for false arrest and resulting imprisonment predicated on an absence of probable cause—at least not while his conviction stands undisturbed. Heck v. Humphrey, 512 U.S. 477, 486 (1994).

IT IS THEREFORE ORDERED that the Complaint is dismissed without leave to amend. Judgment shall be entered dismissing the Complaint without prejudice to Plaintiff's re-filing it if his convictions are later reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus.
Dated: February 10, 2022

                                        Stanley Blumenfeld, Jr.
                                        United States District Judge